At the hearing before the Deputy Commissioner, both parties focused almost solely on the injury-by-accident issue, which the Commission has now resolved in plaintiff's favor. Neither party offered evidence regarding plaintiff's ability to earn pre-injury wages. Plaintiff had the burden of proof on this issue. Hilliardv. Apex Cabinet Co., 305 N.C. 593, 290 S.E.2d 682 (1982); Russellv. Lowe's Product Distribution, 108 N.C. App. 762, 425 S.E.2d 454
(1993).
In my opinion, plaintiff failed to meet her burden of proving that she was disabled after Dr. Meiden released her to return to work, with restrictions, on 20 August 1995. Plaintiff relies on a medical record from Hugo Tettamanti, M.D., specializing in nephrology and hypertension, stating that on 6 November 1995, plaintiff was unable to work because of "essential hypertension, morbid obesity and severe depression" (underlining in original). There is no evidence that plaintiff's piriformis and left-sided lateral rotator syndrome rendered her disabled after 20 August 1995. As for the depression, Dr. Tettamanti's records reveal that she was "markedly improved" at least by 22 January 1996.
It bears noting that this case does not involve an L5-S1 disc injury, and there is no evidence to support a finding or conclusion that plaintiff's 6 January 1995 injury aggravated a pre-existing lumbar condition. An L5-S1 pathology was ruled out by myelogram. Dr. Schwarz, Dr. Meiden's associate at Johnson Neurological Clinic, reviewed the myelogram report with plaintiff in June 1995 and encouraged her to return to work at a full-time schedule within the next two weeks.
Because plaintiff has not shown that her work-related injury rendered her disabled after August 1995, I respectfully dissent from the decision to award her continuing disability benefits.
 S/ ________________________ RENÉE C. RIGGSBEE COMMISSIONER